# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 16, 2003

## STATE OF TENNESSEE v. CECIL MOSS

**Direct Appeal from the Circuit Court for Dickson County**
**Nos. CR131 & CR132      Robert E. Burch, Judge**

---

**No. M2003-00477-CCA-R3-CD - Filed February 25, 2004**

---

Defendant, Cecil Moss, appeals from the trial court's order revoking his probation and reinstating his original sentence to be served in the Tennessee Department of Correction. Defendant argues that the trial court erred by failing to consider any alternative sentencing options other than incarceration. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

William B. Lockert, III, District Public Defender; and Chris L. Young, Assistant Public Defender, Ashland City, Tennessee, for the appellant, Cecil Moss.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Kim Menke, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Defendant pled guilty on May 15, 1992, to two counts of sale of cocaine, a Class B felony. Following a sentencing hearing, Defendant was sentenced to eight years, as a Range I, standard offender. Defendant's sentence was suspended, and he was placed on Community Corrections for eight years. On June 10, 1993, a violation of probation was filed alleging that Defendant had failed to perform the requisite community service work, failed to report to or attend group counseling, and failed to abide by his imposed curfew. Following a revocation hearing, the trial court found that Defendant was in violation of his probation but permitted Defendant to remain in the community corrections program.

On May 5, 1994, Defendant was transferred to the Tennessee Department of Correction and placed on regular probation for the remainder of his sentence, six years and two days. Defendant

concedes that a violation of probation was filed on December 30, 1996, alleging that Defendant had moved without providing a forwarding address, had failed to report to his probation officer as required since October, 1996, and was delinquent in paying his supervisory fees. The violation of probation was amended on December 10, 2001, alleging that Defendant had been arrested for first degree murder, especially aggravated burglary, and especially aggravated robbery in Montgomery County and had failed to report these arrests to his probation officer.

At the revocation hearing, James Maxey, a probation officer with the Tennessee Department of Parole and Probation, testified that Emanuel Tindle initially served as Defendant's probation officer. Mr. Maxey stated that Defendant had not reported to the probation office since October 3, 1996, and the office was unaware of Defendant's location until his arrests in Montgomery County. Mr. Maxey said that all court costs other than a $24.00 transportation charge had been paid, but Defendant had not paid any supervisory fees since 1996.

Defendant testified that he was living in Bowling Green, Kentucky prior to his arrests in Montgomery County. He had previously lived in Guthrie, Kentucky for six years and worked at Accomplish Industries under his own name. Defendant said that he did not have a Kentucky driver's license and his Tennessee license was invalid. Defendant said that he was placed back on community corrections after his first probation violation because he had a job with State Industries.

Defendant insisted that he had reported to Mr. Tindle during 1996 and perhaps in 1997. Defendant said that Mr. Tindle told him at some point in 1997 that he no longer had to report because he was a model probationer. Defendant did not report to Mr. Tindle or pay his supervisory fees after this conversation because he did not think it was required and denied that he was in hiding. Defendant said that he had given Mr. Tindle his mother's address and telephone number. Defendant denied that either he or his mother received any letters concerning his missed appointments or probation violations and said that Mr. Tindle never told him there was an outstanding warrant for his arrest. As for the arrests in Montgomery County, Defendant said that the police "picked up the wrong person."

On rebuttal, Mr. Maxey said that Defendant was sent several letters at his mother's address concerning his missed appointments from May, 1996, to October, 1996. Defendant made up these appointments after he received the letters until October of that year. Mr. Maxey said that a letter was sent to Defendant on December 18, 1996 at his mother's address, and the letter was not returned by the post office. After Mr. Maxey was assigned as Defendant's probation officer, he said that he sent Defendant a letter on September 26, 1999, informing Defendant that a warrant had been issued for his arrest as a result of probation violations. The letter was not returned to Mr. Maxey's office.

At the conclusion of the revocation hearing, the trial court found Defendant's testimony, that he was told not to report to his probation officer after 1997, was not credible. The trial court found that Defendant was in violation of the terms and conditions of his probation for failing to report as required. The trial court revoked Defendant's probation and ordered him to serve the remainder of the sentence in the Tennessee Department of Correction.

Defendant does not challenge the trial court's revocation of his probation but argues that the trial court erred in not considering him as a candidate for either probation or for participation in the community corrections program. Defendant submits that he successfully complied with the terms of his community corrections sentence, and complied with the terms of his probationary sentence for two years until he was told that he no longer needed to report. Defendant points out that he could have been easily located on the basis of his employment record and did not intentionally conceal his whereabouts.

A trial court is expressly authorized to order the defendant to serve the entire balance of the original sentence in confinement when it is determined that the defendant has violated one or more conditions of his probation. Tenn. Code Ann. § 40-35-310, -311; *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999). This Court will not reverse the trial court's judgment absent an abuse of discretion, reflected in the record by an absence of substantial evidence to support the trial court's findings. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In exercising its judgment, the trial court specifically accredited the testimony of Mr. Maxey, and this Court will not reevaluate the trial court's assessment of the credibility of the witnesses. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We note that Defendant's assertion that he successfully completed his first participation in the community corrections program is somewhat misleading. Defendant violated the conditions of his community corrections sentence but was extended a second chance, and it was this second attempt that was successfully completed. Be that as it may, as the State points out, a defendant who is already on probation is not necessarily entitled to an additional grant of probation or some other form of alternative sentencing. *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Tenn. Crim. App, Nashville), *perm. to appeal denied* (Tenn. 1999). We conclude that the trial court did not abuse its discretion in ordering the defendant to serve his original sentence in confinement.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE